**Ben–Siyon BRASCH, Plaintiff,**

**v.**

**Edward I. KOCH, et al., Defendants.**

**No. 88 Civ. 0830 (VLB).**

United States District Court,
S.D. New York.

June 7, 1989.

Ben–Siyon Brasch, Brooklyn, N.Y., pro se.

David L. Lock, New York City, for defendants.

ORDER

VINCENT L. BRODERICK, District Judge.

This action, asserting claims under 42 U.S.C. §§ 1983 and 1985, was filed on February 5, 1988.

On February 11, 1988 the *pro se* plaintiff moved by order to show cause for an injunction "restraining the Defendants from attempting to discipline Plaintiff for threatening to call his labor union and file harassment charges against" defendant Ruby Ruffin and a Mr. Leichter. I signed the order to show cause and referred the matter to Magistrate Barbara A. Lee to hear and report.

On February 24, 1988 Mr. Brasch brought a second order to show cause seeking an injunction barring the defendants from withholding accrued salary during the pendency of the action. I signed this order which was also referred to Magistrate Lee.

On June 29, 1988 Magistrate Lee issued a comprehensive report in which she recommended that the action be dismissed for lack of subject matter jurisdiction in that it fails to present a substantial federal question. This Report and Recommendation was filed with the clerk of the court on July 13, 1988.

In a letter dated July 13, 1988 Mr. Brasch requested an extension of his time to object to Magistrate Lee's report. I subsequently ordered that Mr. Brasch file his objections on or before August 31, 1988; that the defendants respond on or before September 7, 1988; and that Mr. Brasch reply on or before September 14, 1988.

By letter dated August 25, 1988 Mr. Brasch requested, in essence, that the hearing be reopened so that he could present evidence controverting the Magistrate's recommendation that part of his complaint is moot. I responded to this request by instructing Mr. Brasch to file his objections to the Magistrate's report within the previously established time frame and to include the referred to evidence in his submission.

On October 24, 1988 Mr. Brasch informed my chambers that he and defendants' counsel had agreed to a further adjournment of his time to object to the Magistrate's report. Under this agreement, which I approved on November 9, 1988, Mr. Brasch's objections were due on November 29, 1988; the defendants' response was due one week later, on December 6; and Mr. Brasch's reply was due the following week, on December 13.

In a letter dated November 14, 1988 Mr. Brasch sought a conference to compel discovery of documents which he asserted were needed to prepare his objections. This letter sought a further extension of the time to file these objections. Over defendants' objection I scheduled a conference for December 21, 1988 and stayed Mr. Brasch's time to file objections until after that conference.

At the December 21 conference I directed defendants to produce the documents requested and ordered Mr. Brasch to file his objections ten days after his receipt of these documents. The defendants' response was to be due one week later.

On January 20, 1989 Mr. Brasch filed another order to show cause, this time seeking to compel defendants to pay him for the time he spent at the December 21 conference. This order was signed by Judge Charles E. Stewart, Jr. in Part I. At Mr. Brasch's request the return date set by Judge Stewart was adjourned to February 1, 1989.

At a hearing held on that date I directed defendants' counsel to urge his clients to pay Mr. Brasch for the time he missed from work due to their refusal to provide appropriate discovery. I was subsequently advised that the matter had been resolved and on February 27, 1989 I lifted the temporary restraining order signed by Judge Stewart and dismissed the application for a preliminary injunction as moot.

On February 3, 1989 Mr. Brasch requested an indefinite adjournment of his time to file objections to Magistrate Lee's report. The reasons cited for this request included (1) his poor health; (2) his lack of time to complete necessary legal research; and (3) the possibility that he would retain counsel.

In this letter Mr. Brasch suggested that he was working on a final draft of his objections.

By order dated March 20, 1989 I granted Mr. Brasch an adjournment up to May 1, 1989. This order clearly indicated that it would be Mr. Brasch's final extension: "There will be no additional adjournments of this schedule. If no objections are received Magistrate Lee's report will be adopted and this case will be dismissed."

Notwithstanding this clear directive, on May 1, 1989 Mr. Brasch applied for a further adjournment. In this application, Mr. Brasch noted that he would be meeting with his union's lawyers on May 4, 1989 "in order to elicit their assistance" in preparing his objections. Defendants have objected to this request and Mr. Brasch has not reported the results of his May 4 meeting.

The leniency to which *pro se* litigants are entitled is not without limits. Notwithstanding the passage of over 11 months, Mr. Brasch has offered no basis for rejecting the Magistrate's report and has failed to prosecute the action diligently.

In light of my March 20, 1989 order, Magistrate Lee's Report and Recommendation is adopted; this action is dismissed.

SO ORDERED.